**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| ELYSE S. WAGNER, ) | Case No. ED CV 04-01558-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Elyse S. Wagner ("Plaintiff") seeks review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB"). For the reasons stated below, the Commissioner's decision shall be affirmed, and this action will be dismissed with prejudice.

**I.   Factual and Procedural Background**

Plaintiff was born on October 28, 1953. (Administrative Record ("AR") at 18). She completed twelve years of education and has past work experience as a substitute teacher and retail sales clerk. (AR at 18).

Plaintiff filed an application for DIB on September 20, 2002, alleging that she had been disabled and unable to work since August 31, 1990, due to Chrohn's Disease, a mood disorder, heart palpitations, chronic obstructive pulmonary disease (C.O.P.D.), and hearing loss. (AR at 84-86, 95). The Social Security Administration denied Plaintiff's application initially and on reconsideration. (AR at 56-59, 61-64). At Plaintiff's request, an administrative hearing was held before Administrative Law Judge Leland H. Spencer on October 6, 2003. (AR at 23-53). Plaintiff, who was represented by counsel, testified at the hearing. (AR at 26-37, 41-52). A vocational expert and a medical expert also testified. (AR at 38-53). On November 20, 2003, the ALJ issued a decision finding that Plaintiff established that she was disabled and entitled to DIB for a closed period beginning on August 21, 1990, and ending on September 30, 1997. (AR at 18-21). The ALJ also found that Plaintiff's date last insured for benefits was March 31, 1992, and that Plaintiff was not disabled at any time from September 30, 1997, through the date of the decision. (AR at 20-21).

After reopening the ALJ's decision, the Appeal's Council found that Plaintiff was not entitled to benefits because Plaintiff did not file her DIB application within 12 months of the date that her period of disability ended. (AR at 10 (citing 20 C.F.R. § 404.320(b)(3)). The Appeals Council also found that there was inadequate medical evidence in the record to show that Plaintiff was disabled prior to her date last insured of March 31, 1992. (AR at 11).

Plaintiff commenced this action for judicial review on December 15, 2004. The parties filed a Joint Stipulation in which Plaintiff raises the following arguments:

1. The Commissioner failed to give proper

|   |   |
|---|---|
| | consideration to the opinion of the medical expert. |
| | (Joint Stipulation at 4-6, 8-9); and |
| 2. | The ALJ erred in rejecting Plaintiff's testimony. |
| | (Joint Stipulation at 9-11, 12). |

Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further development of the record. (Joint Stipulation at 13). The Commissioner requests that the ALJ's Decision be affirmed. *Id*. The Joint Stipulation has been taken under submission without oral argument.

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

**III.   Discussion**

Plaintiff asserts that the Appeals Council erred in finding that she was not disabled prior to her date last insured of March 31, 1992. (Joint Stipulation at 5).  In particular, Plaintiff argues that the testimony from the medical expert as well as her own testimony established an onset date of disability of August 21, 1990.  (Joint Stipulation at 4-6, 8-12).  Plaintiff's argument is inconsequential. Even assuming, *arguendo*, that the Appeals Council erred in its evaluation of Plaintiff's onset date, Plaintiff has not overcome the Appeals Council's finding that her application was untimely.  *See* 20 C.F.R. § 404.320(b)(3)(providing that a claimant is entitled to a period of disability if she files for benefits while she is disabled or no later than 12 months after the period of disability expires); *see Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991)(harmless error rule applies to review of administrative decisions regarding disability). Plaintiff does not challenge the ALJ's determination that her period of disability ceased as of September 30, 1997.  (AR at 19-21).  Clearly, Plaintiff's DIB application, dated September 20, 2002, was not filed within 12 months of the date her disability ceased.  (AR at 84-86). Accordingly, the Appeals Council's conclusion that Plaintiff's application for benefits should have been denied is supported by substantial evidence.  *See* 20 C.F.R. § 404.320(b)(3).

**IV.   Conclusion**

Based upon the applicable legal standards, the court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards.

\\

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED** and that this matter is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED:  November 18, 2005          */S/ Marc L. Goldman*

                                   _____
                                   MARC L. GOLDMAN
                                   United States Magistrate Judge